Mr. Wilbert Moore
747 10th Ave. Apt. 35A
New York, New York 10019
(212) 246-6356 / billmoor@aol.com

August 3, 2021

# UPDATE 48

Pro Se Clerk Ruby Krajick
SDNY
500 Pearl St. Second Floor
New York, NY 10007

Dear Pro Se Clerk Krajick:

I'm alleging the following; please find as "Exhibits 1 and 2" a 2-page copy of the USPS registered letter I sent to Family Court Judge Renwick under Certified Mail receipt number: 7002 0510 0004 3844 8886, dated August 23, 2004, and as "Exhibit 3 a copy of the USPS registered letter I Sent to US District Judge Preska dated April 22, 2003.

2. I'm a pro se litigant and I was not aware of the fact that I was being falsely accused of committing a felony when I was allegedly illegally fired because the NYC Law Department-NYC Department of Education (DOE) falsely accused me of choking my students. Making a false statement is covered under New York State Penal Law §210.45, which states that it can be a Class A misdemeanor. The punishment for making a false statement is incarceration for up to a year in jail, a fine, and/or 3 years of probation.

3. I'm now aware of the fact that choking is a violation of Section 121.11 of the NY State Penal Code, which means that my case belongs in a NY State Criminal Court. Federal District Judge Loretta Preska cannot legally pass judgment or dismiss my case because she lacks the legal jurisdiction to do so. Federal District Judges can only hear cases in which the United States is a party, and or cases involving violations of the US Constitution, federal law, crimes committed on federal land, and bankruptcy cases. If a court lacks jurisdiction of the subject of an action, a judgment rendered by that court does not adjudicate anything, it does not bind the parties, nor can it be made the foundation of any right, it is a void nullity without life or vigor.

4. Judge Preska and/or the DOE mistakenly categorized my case as one that dealt with my using corporal punishment on my Students while the record shows that my case deals with the alleged choking of my Students which is a violation of the NY State's Penal Code's Section 121.11. The DOE and/or the Federal and State Judges, after reading my complaint, should have sent my case to the Bronx Criminal Court. There's an important legal principle that says, "Ignorance of the law is no excuse." My case should have never gone before Judge Preska's Federal District Court and/or the numerous other State Civil Courts. In a criminal court, the 6th Amendment of the US Constitution will give me the right to request legal counsel as well as the right to face my accusers.

5. Sociopaths have no regard for other people's rights or feelings. Sociopaths lack empathy and remorse for their wrongdoings, and they have the need to exploit and manipulate others for their own personal gain. It is abundantly clear that I'm being victimized by a conspiracy that is being engineered by Sociopaths who still refuse to obey the FRCP's Rule 26. I hope that justice will prevail. For more information go on the Internet and check out: moore v preska 1:16-cv-06317 and moore v Velasquez 1:15-cv-0688.

Wilbert Moore

Mr. Wilbert Moore
747 10th Ave. Apt. 35A
New York, New York 10019
(212) 246-6356/www.billmoor@aol.com

August 23, 2004

Re: Wilbert Moore v. NYC Department of Education / Index Number 13094/03

EXHIBIT 1

Hon. Dianne T. Renwick
NY State Supreme Court
851 Grand Concourse Room 809
Bronx, New York 10451

Dear Judge Renwick,

I'm alleging the following, please find enclosed a copy of the "**Southern District of New York's Civil Cover Sheet**" (SDNY) as exhibits 1 and 2, a 4-page copy of the memo from Christopher Dalton as exhibits 3 through 6, a copy of the Bronx County Clerk's Minutes as exhibit 7, a copy of my letter of request addressed to Chief Judge Mukasey as exhibit 8, and finally a copy of your order dated August 3, 2004, as exhibits 9 through 11.

2. The enclosed "**Civil Cover Sheet**" reveals what I've been alleging for the last 2-years, the fact that the NYC Department of Education (DOE) did not know the names and or the addresses of the still unknown Students A, B, C, and D (See exhibits 1 and 2). Students A, B, C, and D allegedly accused me of using corporal punishment, which subsequently led to my illegal termination (See exhibits 3 through 6). **How can the DOE claim to represent their co-defendants, Students A, B, C, and D, without knowing their names and addresses?**

3. On the second page of the "**Civil Cover Sheet**," the DOE stated, and I quote; **"DEFENDANT(S) ADDRESS UNKNOWN - REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS: Students A,B,C, and D."** End quote (See exhibit 2). The above statement was made on March 24, 2003. To this very day, I have not yet received the names and or the addresses of the Defendants still known only as Students A, B, C, and D. Does the above quotation qualify as **"Fraud on the Record?"**

4. On August 20, 2004, I received a copy of the enclosed **"Information Sheet,"** and a copy of pages 115 and 116 of the SDNY's Local Rules from the Pro Se Office. **Local Rule 50.3** states and I quote; **"A copy of the information sheet shall be served with the summons and complaint or petition for removal of the action."** End quote. The DOE never gave me a copy of the Information Sheet; nor is there any indication that the NY State

Supreme Court was ever given a copy. In fact, the enclosed copy of my letter of request to Judge Mukasey indicates that, as of August 8, 2004, I was requesting a copy of the **"Information Sheet"** also referred to as the **"Civil Cover Sheet"** (See exhibit 8).

5. In your Order dated August 3, 2004, you stated the following, and I quote; **"Promptly after filing of papers with the federal district court, defendant served written notice of the removal on all parties and filed a copy of the removal notice with the clerk of the court."** End quote (See exhibits 9 through 11). How can you be sure that the Defendants served a copy of the removal notice with the Bronx County Clerk? And if indeed they served a copy with the Bronx County Clerk's Office, why didn't the Bronx County Clerk so note the service in the minutes (See exhibit 7)? And why didn't the Clerk remove the case from the active calendar? And finally, why didn't the DOE file an RJI on or around March 25, 2003?

6. Title 28 USC §1446(a) states the following, and I quote; **§ 1446 Procedure for removal (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action."** End quote. I'm alleging that the DOE violated Title 28 USC §1446(a) by committing fraud pursuant to Rule 11 of the Federal Rules of Civil Procedure (FRCP).

7. **Rule 11** of the FRCP states, and I quote; **"Rule 11. Signing of pleadings, motions, and other papers; representations to court; sanctions (a) Signature. Every pleading, written motion, and other paper shall be signed by a least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."** End quote. The enclosed copy of the SDNY's Information Sheet gives no indication of whether or not the DOE is representing Students A, B, C, and D. In fact the DOE admits that they did not have the names and addresses of their alleged co-defendants. So what is the exact status of Student's A, B, C, and D? Did Student's A, B, C, and D give their consent to have case number 13094/03 removed from your Court? Can you state for sure the fact that Student's A, B, C, and D even exist?

8. To answer the above-mentioned questions, I'm requesting a conference in your Court with all of the parties present, **especially Student's A, B, C, and D**, in order to analyze the newly discovered evidence. Since the DOE allegedly violated the above-mentioned rules by committing fraud, I'm respectfully requesting that you reconsider your Order dated August 3, 2004. I will forward a copy of this letter to the Defendants. Respectfully submitted,

*Wilbert Moore* (signature)
Wilbert Moore/Plaintiff Pro Se
747 10th Ave. Apt. 35A
New York, New York 10019
(212) 246-6356

# EXHIBIT 2

2

WILBERT MOORE
747 10TH AVE. APT. 35A
NEW YORK, NEW YORK 10019
212 246-6356 / WWW.BILLMOOR@AOL.COM



April 22, 2003

Honorable Loretta Preska
United States District Judge/SDNY
500 Pearl St.
New York, New York 10007

**Re: Wilbert Moore v. the NYC Department of Education and Students A, B, C, and D.  03-Cv-2034**

Dear Judge Preska,

    I'm alleging the following; I spoke to one of the Clerks at the Bronx County Supreme Court on April 22, 2003. They informed of the fact that they had no knowledge of my case being removed. Have you seen the paperwork regarding this process? With all due respect, who officially assigned you to my case and when and how were you officially assigned to my case? I know you're well aware of the fact that jurisdiction must be established before a judgment can be made. That is why I'm trying to avoid future problems by requesting copies of all of the related documents and by properly serving all of the defendants.

    2. I would also like to remind you that, pursuant to USC Title 28 §1448, I have the right to continue serving subpoenas on the unknown Defendants known only as Students A, B, C, and D even after the case is **allegedly** moved to Federal Court. I've requested the names and addresses of the unknown defendants from Ms. Alexandra Standish, Esq.. Ms. Standish is the attorney of record from the NYC Law Department. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Ms. Standish should have the signed consent of the unknown defendants before claiming to represent them in Court. If you were presented with a copy of the unknown defendant's affidavit, please forward a copy of it to me!

    3. I would also like to remind you of the fact that the defendants defaulted as of March 28, 2003. Their request for an enlargement of time is dated April 16, 2003. I filed my default judgment on April 2, 2003. I will withdraw my default judgment upon receipt of the names and addresses of the unknown defendants.

    4. The defendants keep referring to the prior case I had before you that was dismissed without prejudice. If they persist in this conduct, perhaps you should consider removing yourself from this case! Or at the very least, explain to the defendants what the concept; **"Without Prejudice"** means. I will send a copy of this letter to Judge Pittman, Ms. Standish, and the Pro Se Clerk. Thanking you in advance, I hope to hear from you soon, sincerely yours,

*Wilbert Moore*
Wilbert Moore

USPO Receipt for Certified Mail number; 7002 3150 0003 5617 4167         **EXHIBIT 3**

NEW YORK NY 100

2 AUG 2021  PM 1 L

RECEIVED
SDNY PRO SE OFFICE
2021 AUG -5 PM 2:23

Pro Se Clerk Ruby Krajick
SDNY
500 Pearl St.  Second Floor
New York, NY 10007

10007-131669

Mr. Wilbert Moore
747 10th Ave.  Apt. 35A
New York, NY 10019